**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

In re

      Ko Yoshida,                                          Chapter 13
      a/k/a Ko O. Yoshida,                                 Case No. 1-09-46070-jf

            Debtor.

--------------------------------------------------------X

Grow Up Japan, Inc.,

            Plaintiff.
                                      Adv. Pro. No. 1-09-01415-jf
    - against-

Ko Yoshida,

            Defendant.
--------------------------------------------------------X

**DECISION AND ORDER GRANTING DEBTOR'S MOTION TO DISMISS**

<u>**APPEARANCES:**</u>

**Tristan C Loanzon**
**Loanzon Sheikh LLC**
**112 Madison Avenue, 5th Floor**
**New York, NY 10016**
**Attorney for the Plaintiff**

**Erica R Feynman**
**Rattet, Pasternak & Gordon Oliver, LLP**
**550 Mamaroneck Avenue**
**Harrison, NY 10528**
**Attorney for the Defendant**

**Jerome Feller**
**United States Bankruptcy Judge**

Grow Up Japan, Inc. ("GUJ"), commenced this Chapter 13 adversary proceeding against Ko Yoshida ("Yoshida"), the Debtor/Defendant, seeking a determination that an amended federal court judgment in the amount of $40,460.16 ("Judgment Debt") is excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).[1] Before the Court is Yoshida's contested motion to dismiss the adversary proceeding ("Motion To Dismiss") pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6), for GUJ's failure to state a claim upon which the requested relief can be granted. Specifically, Yoshida maintains that the complaint fails to allege facts constituting fraud or defalcation while acting in a fiduciary capacity.

Upon review of all the submissions and after hearing oral argument, the Court concludes that the complaint should be dismissed. The complaint, even when read in a light most favorable to GUJ, fails to plausibly establish a nondischargeable claim under § 523(a)(4). Accordingly, Yoshida's Motion To Dismiss is granted.

## I.

In 2007, GUJ commenced a lawsuit in the United States District Court for Southern District of New York against Yoshida, a former manager of its New York computer store,[2] styled *Grow Up Japan Inc. v. Ko Computer Inc., & Ko Yoshida*, 07 CV 3944 (S.D.N.Y.) ("District Court Action"). The amended complaint in the District Court Action alleged that Yoshida reported to GUJ, in 2004, that its New York store was experiencing financial difficulties. GUJ further stated that on or about March 30, 2005, based on Yoshida's reports; it closed the New York store, terminated its lease at 431 Fifth Ave. and paid a penalty for early termination. After closing the New York store, GUJ says that it discovered that Yoshida incorporated "Ko

---

[1] 11 U.S.C. § 1328(a)(2) makes § 523(a)(4) applicable to chapter 13 cases.
[2] GUJ, a California corporation, conducted a computer store business as User's Side, Inc., a New York Corporation, at 431 Fifth Avenue in New York City.

Computer" on or about February 2, 2004, and under that name opened a computer store on or about April 15, 2005 at the same 431 Fifth Ave. location.  GUJ charges Yoshida with assorted misconduct, including allegations that, while employed as manager of GUJ's New York computer store, he engaged in competing business and usurped corporate opportunities.  GUJ sought judgment against Yoshida based upon separate claims sounding in fraud, conversion, an accounting, breach of fiduciary duty, unfair competition, tortious interference and unjust enrichment.

After extensive discovery, a 4-day jury trial began on January 12, 2009. Upon conclusion of the trial, the only claim deemed worthy and sent to the jury for consideration was the breach of fiduciary duty claim. In his charge to the jury, the district court judge instructed the panel to consider the following:

> Mr. Yoshida was the manager of User's Side, the New York store owned by Grow Up Japan.  A manager has a duty to his employer to act in good faith and in the employer's best interests during the period of his employment.  In short, a manager is what we call a fiduciary who owes his employer undivided and unqualified loyalty and may not act in any manner contrary to the interests of his employer.  A person acting in a fiduciary capacity is required to make truthful and complete disclosure to those whom the fiduciary duty is owed and the fiduciary is forbidden to obtain an improper advantage at the expense of his employer.

Declaration in Opposition, Exhibit A at 13 (ECF Docket Number 10).  The jury returned a verdict, on January 15, 2009, finding that Yoshida breached a fiduciary duty owed to GUJ under the standards defined by the district court judge. Although, GUJ sought at least $400,000 in compensatory damages, plus punitive damages, for breach of fiduciary duty, the jury awarded compensatory damages of $24,460.16, limited to the penalty paid for early termination of the 431 Fifth Ave. lease.  Punitive damages were denied.  Subsequently, an amended judgment was entered to include interest and costs in the sum of $40,607.61, as of April 7, 2009.

On July 21, 2009, Yoshida filed a petition for relief under chapter 13 of the Bankruptcy Code.  GUJ filed a proof of claim as unsecured creditor based upon the Judgment Debt.  On November 2, 2009, GUJ commenced the instant adversary proceeding. The complaint filed is skeletal in both length and content. Excluding the customary introductory paragraphs, the complaint amounts to six brief paragraphs, which read as follows:

> 5. Debtor Yoshida owes GUJ a sum of $40,607.61 ("Judgment Debt") as of April 7, 2009. An amended judgment from the United States District Court for the Southern District of New York is attached as Exhibit A.
>
> 6. The Judgment Debt was assessed against Yoshida after a jury trial before Judge Gerard E. Lynch in the United States District Court held from January 12 through January 16, 2009 [sic]. A copy of the judgment is attached as Exhibit B.
>
> 7. The Judgment Debt arose from Yoshida's breach of fiduciary [duty] owed to Plaintiff GUJ.
>
> 8. Specifically, GUJ brought suit against Yoshida in case styled *Grow Up Japan, Inc. v. Ko Yoshida*, 07 CV 3944 (S.D.N.Y.), alleging that Yoshida (while the manager of GUJ's office in New York) breached his fiduciary duties to GUJ by engaging in competing business and usurping corporate opportunities of GUJ. After a 4-day jury trial, the jury found that Yoshida breached his fiduciary duty to GUJ.
>
> 9. Debtor Yoshida did not appeal the judgment.
>
> 10. An April 6, 2009 order from the Court shows that the only allegation for which the jury found in favor of GUJ involved a breach of fiduciary duty.

Complaint,  at 2 (ECF Docket Number 1).  In light of these recitations, the complaint concludes that "Yoshida's Judgment Debt to GUJ arises from 'fraud or defalcation while acting in a fiduciary capacity,' within the meaning of 11 U.S.C. Section 523(a)(4) and therefore should be excepted from discharge." *Id.*

In lieu of filing an answer, Yoshida filed the Motion To Dismiss.  He argues that GUJ wrongly assumes that the breach of fiduciary duty finding in the District Court Action and resultant Judgment Debt alleged in the complaint warrant a determination of non-dischargeability under § 523(a)(4).  Yoshida contends that GUJ has not pleaded facts establishing that he was a fiduciary for purposes of § 523(a)(4) and that GUJ also failed to allege any facts to support a finding of fraud or defalcation.  While the complaint employs the term "fraud", counsel for GUJ retracted and conceded at oral argument that his client is not alleging fraud. Transcript, at 8-9, 13 (ECF Document Number 14).  Accordingly, we only address whether GUJ stated a claim of defalcation while acting in a fiduciary capacity.

## II.

Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Civ. P. 7012(b),  provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."[3]  The court's task in reviewing a dismissal motion under Rule 12(b)(6) is "necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A plaintiff is required only to allege, not prove, sufficient facts establishing a claim to survive a motion to dismiss.  The role of the court is merely to assess the legal sufficiency of the complaint and not to assess the weight of evidence which might be offered in support of the complaint.  *Koppel v. 4987 Corp.*, 167 F.3d 125, 133 (2d Cir. 1999);  s*ee Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). In so doing, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Ashcroft v. Iqbal*, − U.S. − , 129 S. Ct. 1937,

---

[3] All references, hereinafter, to a "Rule" refer to the Federal Rules of Civil Procedure.

1949-50 (2009); *Scheuer,* 416 U.S. at 236; *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 51 (2d Cir. 1995); *Allen v. Westpoint Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991).

A complaint will be deemed sufficient if it satisfies the general notice pleading requirements set forth in Rule 8(a)(2). Rule 8(a)(2) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see City of Clinton v. Pilgrim's Pride Corp.*, 653 F. Supp. 2d 669, 671 (N.D. Tex. 2009)*; In re Bunker Exploration Co.*, 42 B.R. 297, 300 (Bankr. W.D. Okl. 1984).

While pleadings are to be liberally construed in favor of the plaintiff, the deference accorded to a plaintiff is not without limitation. A defendant is entitled to fair notice of a plaintiff's claim and the grounds upon which it rests so as to prepare an appropriate defense. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007); *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991). Thus, in drafting a complaint, a plaintiff's obligation to set forth the grounds for entitlement to relief requires more than mere labels, conclusions, or some overly generalized statement that a plaintiff has a claim against the defendant. *Iqbal*, 129 S. Ct. at 1949. Naked assertions devoid of factual enhancements will not suffice. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level," and create a plausible entitlement for such relief. *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949-50. In sum, to survive a motion to dismiss, a complaint must assert a cognizable legal theory and enough factual averments with respect to the underlying elements of the claim that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1950 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' – 'that the pleader is entitled to relief.'").

## III.

A primary purpose of the bankruptcy law is to grant a fresh start from the weight of oppressive indebtedness to the honest but unfortunate debtor. *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991); *Local Loan Co.* v. *Hunt*, 292 U.S. 234, 244 (1934). A chapter 13 debtor is granted a discharge of most pre-petition debt upon completion of all plan payments. *See* 11 U.S.C. § 1328. Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA"), a chapter 13 debtor received what was termed a "super discharge." Upon completion of a chapter 13 plan, a debtor would be granted a discharge of all debts excepted from discharge in a chapter 7 case pursuant to § 523(a). Congress largely eliminated the super discharge under BAPCPA by amending § 1328 to provide that any debt "of the kind specified . . . in paragraph (1) (B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)" would no longer be discharged in chapter 13. 11 U.S.C. § 1328(a)(2). Thus, the § 523(a)(4) exception to dischargeability is now applicable to Chapter 13 cases.

The enumerated exceptions to discharge under § 523(a) advances the public policy of denying relief from debts resulting from undesirable behavior and furthers certain other social policy interests. *See The Andy Warhol Foundation for Visual Arts, Inc. v. Hayes (In re Hayes)*, 183 F.3d 162, 167 (2d. Cir. 1999); *Cazenovia College v. Renshaw (In re Renshaw)*, 222 F.3d 82, 86 (2d Cir. N.Y. 2000) ("[T]here are circumstances where giving a debtor a fresh start in life is not the paramount concern and protection of the creditor becomes more important."). However, to obtain a determination of non-dischargeability, a creditor must show that his claim comes squarely within an exception enumerated in § 523(a). *Kawaauhau v. Geiger*, 523 U.S. 57, 62, (1998) (observing that "exceptions to discharge 'should be confined to those plainly expressed'") (quoting *Gleason v. Thaw*, 236 U.S. 558, 562 (1915)); *McCrory v. Spigel (In re Spigel)*, 260 F.3d 27, 32 (1st Cir. 2001). A narrow and strict construction of the exceptions to discharge against

the creditor and in favor of the debtor is necessary to implement the Bankruptcy Code's purpose of giving a debtor a new beginning. *See Union Fire Ins. Co. of Pittsburgh, Pa. v. Bonnanzio (In re Bonnanzio)*, 91 F. 3d 296, 300 (2d Cir. 1996); *Caspers v. Van Horne (In re Van Horne),* 823 F.2d 1285, 1287 (8th Cir. 1987); *Cross v. Murphy & Robinson Inv. Cy. (In re Cross)*, 666 F.2d 873, 879-80 (5th Cir. 1982).

Insofar as here relevant, to be excepted from discharge under § 523(a)(4), GUJ's claim must have arisen from a "defalcation while acting in a fiduciary capacity".   A finding of non-dischargeability under this provision requires a showing of (i) the existence of a fiduciary relationship between the debtor and the objecting creditor, and (ii) a defalcation committed by the debtor in the course of that relationship. *See Antlers Roof-Truss and Builders Supply v. Storie (In re Storie)*, 216 B.R. 283, 286 (B.A.P. 10th Cir. 1997); *Freer v. Beetler (In re Beetler)*, 368 B.R. 720, 725 (Bankr. C.D. Ill. 2007). It follows that the issue posed by the Motion To Dismiss is whether GUJ's complaint contains sufficient allegations, either direct or inferential, to plausibly support the conclusion that Yoshida committed a defalcation while acting in a fiduciary capacity within the meaning of § 523(a)(4).   Accordingly, we will separately examine the "fiduciary" and "defalcation" elements of § 523(a)(4).

## IV.

Yoshida was an employee/manager of GUJ's computer store in New York City.  As such, in the District Court Action, Yoshida was considered a fiduciary of GUJ.  The complaint in this dischargeability adversary proceeding alleges Yoshida's manager status and GUJ argues that in light of the fiduciary status found to exist in the District Court Action, Yoshida should be considered a fiduciary for purposes of § 523(a)(4).  GUJ is mistaken.

Section 523(a)(4) does not define the term "fiduciary".  Nonetheless, it is well established that the fiduciary concept incorporated in § 523(a)(4) and its predecessor statutes is a narrow

8

one, generally involving express trusts, technical trusts or statutorily imposed trusts; it does not extend to resultant trusts imposed by operation of law or equity. *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333 (1934); *Upshur v. Brisco*, 138 U.S. 365, 375-76 (1891); *Chapman v. Forsyth*, 43 U.S. (How.) 202, 207 (1844); *Commonwealth Land Title Co. v. Blaszak (In re Blaszak),* 397 F.3d 386, 391 (6th Cir. 2005); *Tudor Oaks Ltd. Partnership v. Cochrane (In re Cochran)*, 124 F.3d 978, 983 (8th Cir. 1997); *LSP Investment Partnership v. Bennet (In re Bennet)*, 989 F.2d 779, 784 (5th 1993); *Teichman v. Teichman (In re Teichman)*, 774 F.2d 875, 878 (9th Cir. 1985); *Evans v. Pollard (In re Evans)*, 161 B.R. 474, 477-78 (B.A.P. 9th Cir. 1993); *Zohlman v. Zoldan*, 226, B.R. 767, 772 (S.D.N.Y. 1998) (Under § 523(a)(4), "[c]onstructive or implied trusts, or any trust where the existence of the trust is created merely on the basis of wrongful conduct (a trust ex maleficio) do not create a fiduciary relationship."); *but see In re Hayes*, 183 F.2d at 169 ("[N]either *Chapman* nor *Davis* casts serious doubt on the fact that certain relationships not constituting actual trusts are within the" § 523(a)(4) exception to discharge.); *Artis v. West (In re West)*, 339 B.R. 557, 566 (Bankr. E.D.N.Y. 2006) ("Nevertheless, the fiduciary connection arising from a technical or express trust does not exhaust the universe of fiduciary relationships that fall within the ambit of § 523(a)(4)").

A debt is not created by a person while acting in a "fiduciary capacity" in the popular sense of the term, merely because it is created under circumstances in which trust or confidence is reposed in the debtor. The broad general definition of fiduciary, i.e., relationships involving confidence, trust and good faith, are excluded from the reach of § 523(a)(4). *Cal Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir. 2003); *Farina v. Balzano (In re Balzano)*, 127 B.R. 524, 532 (Bankr. E.D.N.Y. 1991). While state law can be consulted, whether a debtor was acting in a fiduciary capacity is a matter of federal law. *See In re Hayes*, 183 F.3d 162, 166-67; *Ragsdale v. Haller*, 780 F.3d 794, 796 (9th Cir. 1986); *Carlisle Cashway, Inc. v. Johnson (In*

*re Johnson)*, 691 F.2d 249, 251 (6th Cir. 1982); *Angelle v. Reed (In re Angelle)*, 610 F.2d 1335, 1341 (5th Cir. 1980); *Prudential-Bache Securities v. Sawyer (In re Sawyer)*, 112 B.R. 386, 389 (D. Colo. 1990); *Schwalbe v. Gans (In re Gans)*, 75 B.R. 474, 489 (Bankr. S.D.N.Y. 1987).

The instructions to the jury by the district court judge in the District Court Action described the fiduciary relationship applicable in that litigation as a general one of trust, confidence and good faith, presumably under state or common law, between an employee/manager and employer. Thus, the focus of the jury verdict and the Judgment Debt based upon that verdict was Yoshida's breach of a duty of loyalty to GUJ as employee/manager of its computer store. The critical question is whether this is the type of fiduciary relationship contemplated by § 523(a)(4).

The only fact alleged by GUJ in its complaint to support the claim of a fiduciary relationship is Yoshida's employee/manager status. However, an employment relationship alone does not give rise to a fiduciary relationship for purposes of § 523(a)(4). *See E.L. Hamm & Assoc. v. Sparrow (In re Sparrow)*, 306 B.R. 812, 832 (Bankr. E.D. Va. 2003); *Adams v. Scheller (In re Scheller)*, 265 B.R. 39, 52 (Bankr. S.D.N.Y. 2001); *Solar Systems and Peripherals, Inc. v. Burress (In re Burress)*, 245 B.R. 811, 877-78 (Bankr. D. Colo. 2000); *Landrin v. Community Mutual Sav. Bank (In re Landrin)*, 173 B.R. 307, 311 (Bankr. S.D.N.Y. 1994); *BPS Guard Servs. v. Myrick (In re Myrick)*, 172 B.R. 633, 636-37 (Bankr. D. Neb. 1994). Nor does the elevation of an employee to a managerial position bring into being a fiduciary relationship within the purview of § 523(a)(4). *See Novartis Corp. v. Luppino (In re Luppino)*, 221 B.R. 693, 698-99 (holding that management level employee responsible for evaluating contractor bids and against whom a state court judgment was obtained for breach of fiduciary duty of loyalty and commercial bribery was not acting in a fiduciary capacity within meaning of § 523(a)(4)); *Colonial-Interstate, Inc. v. Ayers (In re Ayers)*, 83 B.R. 83, 88 (Bankr. M.D. Ga. 1988) (holding that defendant, a former

10

manager of plaintiff was merely an agent or factor of plaintiff and did not assume a fiduciary capacity sufficient to render his debt nondischargeable); *DL & B Oil Co. v. Dawson (In re Dawson)*, 16 B.R. 343, 346 (Bankr. N.D. Ill. 1982) (Operator of gasoline service station, even though a "trusted agent" of the owner, is not a fiduciary in the strict and narrow sense used in the Bankruptcy Code.); *Mullis v. Walker (In re Walker)*, 7 B.R. 563, 564 (Bankr. M.D. Ga. 1980) (Under § 523(a)(4), "[a] service station manager, even though he has the responsibility of collecting proceeds of sales from the station, accounting therefor and depositing cash amounts thereof, is not a fiduciary.").

To satisfy the "fiduciary" pleading requirement, GUJ must establish that Yoshida was a fiduciary within the meaning of § 523(a)(4). Because the complaint fails to plead the existence of an express, technical or statutory trust, or any other cognizable fiduciary connection, the complaint fails to plead a fiduciary relationship under § 523(a)(4).

## V.

As indicated above, there is a two step process in determining whether a debt falls within § 523(a)(4), "defalcation while acting in a fiduciary capacity", exception to discharge. The first step is to establish a fiduciary relationship. As we have shown, GUJ has failed to plead the requisite fiduciary relationship required by § 523(a)(4). The second step is to ascertain if defalcation occurred during that relationship. GUJ also failed to adequately plead defalcation. Without any underlying factual allegations whatsoever, the complaint declares:

> As a result of these actions, Yoshida's Judgment Debt to GUJ arises from '… defalcation while acting in fiduciary capacity,' within the meaning of 11 U.S.C. Section 523(a)(4) and therefore should be excepted from discharge.

A pleader must allege some particular facts upon which his claim is based. A pleader does not satisfy Rule 8(a) merely by parroting the statutory language of § 523(a)(4). *See United States ex*

*rel. Karvelas v. Melrose-Wakefield Hosp.,* 360 F.3d 220, 240 (1ˢᵗ Cir.), *cert denied*, 543 U.S. 820 (2004).

While some circuits have held than an innocent mistake or negligence can constitute defalcation and other circuits require a level of fault greater than mere negligence, the Second Circuit, in *Denton v. Hyman (In re Hyman)*, 502 F.3d 61 (2d Cir. 2007), aligning itself with the First Circuit, held that defalcation, under § 523(a)(4) "requires a showing of conscious misbehavior or extreme recklessness – a showing akin to the showing required for scienter in the securities law context." *Hyman*, 502 F.3d at 68 (citing *Rutanen v. Baylis (In re Baylis),* 313 F.3d 9, 20 (1ˢᵗ Cir. 2002). This standard has been summarized by the Second Circuit as follows:

> The scienter needed in connection with securities fraud is intent to deceive, manipulate, or defraud, or knowing misconduct. As a pleading requirement, a plaintiff must either (a) allege facts to show that defendants had both motive and opportunity to commit fraud or (b) allege facts that constitute strong circumstantial evidence or conscious misbehavior or recklessness.

*Press v. Chemical Inv. Servs. Corp.*, 166 F.3d 529, 538 (2d Cir. 1999) (citations and internal quotations omitted).

The Judgment Debt in the District Court Action was based solely upon Yoshida's conduct relating to the early termination of GUJ's lease. To satisfy the "defalcation" pleading requirement, GUJ must establish that Yoshida committed defalcation in connection with the lease termination. We find that GUJ makes no such allegation.

## VI.

For all of the foregoing reasons, this Court determines that GUJ's complaint fails to allege supportive facts to plausibly suggest that there was a fiduciary relationship between GUJ and Yoshida and that Yoshida committed a defalcation within the meaning of § 523(a)(4). Nor

has GUJ made any showing that it would be able to amend its complaint in a manner that would survive dismissal.

Based thereon, it is hereby

ORDERED, as follows:

1. Yoshida's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), made applicable hereto by Fed. R. Bankr. P. 7012(b), is granted; and

2. The Judgment Debt obtained by GUJ in the District Court Action is not excepted from discharge.

Dated: **Brooklyn, New York**
**August 23, 2010**

**s/Jerome Feller**
**Jerome Feller**
**United States Bankruptcy Judge**